**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| HUGH G. JOSEPHS, JR., | Civil Action No.:10-1071 (RMB) |
| Plaintiff, | |
| v. | **O P I N I O N** |
| GOVERNOR CHRISTIE, et al., | |
| Defendants. | |

**APPEARANCES:**

Hugh G. Josephs, Jr., Pro Se
#633803-B
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625

**BUMB**, District Judge

Plaintiff, Hugh G. Josephs, Jr., is currently confined at the New Jersey State Prison, Trenton, New Jersey. Plaintiff seeks to bring this action in forma pauperis, under 42 U.S.C. § 1983 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 389 (1971).

At this time, the Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such

relief. For the following reasons, the complaint will be dismissed.

## BACKGROUND

According to documents attached to Plaintiff's complaint and submitted by Plaintiff subsequent to the filing of his complaint, Plaintiff is currently serving a thirty-year New Jersey state prison term after being convicted of murder. In December of 2009, the Department of Homeland Security filed a detainer with the New Jersey state authorities to be informed of Plaintiff's release so that removal from the United States to Jamaica can be effectuated. In this complaint, Plaintiff asks this Court to order that he be removed back to Jamaica, prior to the completion of his New Jersey sentence, so that he may finish his sentence there.

Plaintiff does not ask for monetary relief.

## DISCUSSION

**A.   Standard of Review**

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. This action is subject to sua sponte screening for dismissal under both 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, because plaintiff is a prisoner and is proceeding as an indigent.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). See also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

Recently, the Supreme Court refined this standard for summary dismissal of a complaint that fails to state a claim in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009). The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to

3

relief." Fed. R. Civ. P. 8(a)(2).[1]  Citing its recent opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible.  This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  See id. at 1948.  The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible.  See id. at 1949-50; see also Twombly, 505 U.S. at 555, & n.3; Fowler v. UPMC Shadyside, 578 F.3d 203, 2009 WL 2501662, *4 (3d Cir., Aug. 18, 2009).

**B.    Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any

---

[1]  Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct.  No technical form is required." Fed. R. Civ. P. 8(d).

> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other
> proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the laws or Constitution of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**C.   Plaintiff's Claims Will Be Dismissed.**

    1.   Relief Requested is not proper under § 1983

Plaintiff's sole request for relief in this case is release from confinement in New Jersey. In Preiser v. Rodriguez, 411 U.S. 475 (1973), the Supreme Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Id. at 500. Plaintiff cannot seek release in a complaint filed pursuant to § 1983.

    2.   Merits of Claim

Alternatively, on the merits of the claim, Plaintiff has not demonstrated that his claim is facially plausible. Prior to 1996, the Immigration and Nationality Act ("INA") generally required incarcerated aliens to serve their sentences before

being deported (now "removed").  See 8 U.S.C. § 1252(h) (1995) (in relevant part, "An alien sentenced to imprisonment shall not be deported until such imprisonment has been terminated by the release of the alien from confinement.").  In the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, § 438, 110 Stat. 1275 (1996), and again five months later in the Omnibus Appropriations Act of 1997, Pub. L. No. 104-208, Div. C, §§ 305-06, 1996 U.S.C.C.A.N. (110 Stat.) 3009-598, 3009-599, 3009-607, Congress amended § 1252(h) and recodified it at 8 U.S.C. § 1231(a)(4)(B), so that it now grants the Attorney General discretion to depart from the general rule and to remove certain aliens prior to the completion of their terms of incarceration.

> Section 1231(a)(4) now reads:
>
> (A) ... Except as provided in section 259(a) of Title 42 and [subparagraph (B) ], the Attorney General may not remove an alien who is sentenced to imprisonment until the alien is released from imprisonment....
>
> (B) ... The Attorney General is authorized to remove an alien ... before the alien has completed a sentence of imprisonment-(i) ... if the Attorney General determines that (I) the alien is confined pursuant to a final conviction for a nonviolent offense (other than certain excepted offenses) and (II) the removal of the alien is appropriate and in the best interest of the United States; ...
>
> (D) No cause or claim may be asserted under this paragraph against any official of the United States or of any State to compel the release, removal, or consideration for release or removal of any alien.

8 U.S.C. § 1231(a)(4)(A), (B), (D).

Every federal court to consider this provision has determined that the statute vests in the Attorney General the sole discretion and authority to make early removal decisions and that no private right of action for immediate removal exists. See, e.g., United States v. Marin-Castaneda, 134 F.3d 551, 556 (3d Cir.), cert. denied, 523 U.S. 1144 (1998) (addressing the issue in the context of a prisoner's request for downward departure, under United States Sentencing Guideline § 5K2.0, based upon the prisoner's willingness to consent to immediate removal); United States v. Vergara, 133 F.3d 919, 1998 WL 17029 (4th Cir. 1998) (unpubl.); Thye v. United States, 109 F.3d 127, 128-29 (2d Cir. 1997)(a convicted alien is not entitled to seek an order of immediate deportation before completing his prison term); Koos v. Holm, 204 F. Supp.2d 1099, 1108-09 (W.D. Tenn. 2002); United States v. Bioyo, 1998 WL 850815 (N.D. Ill. Dec. 2, 1998); United States v. Lozada, 1996 WL 502200 (E.D. Pa. 1996).

Thus, Plaintiff's confinement in New Jersey State Prison, until the completion of his term of incarceration, does not violate the Constitution or laws of the United States, and he has no private right of action to compel his removal prior to the completion of his term of incarceration.  See Thye, 109 F.3d at 128 (holding that § 1252(h)(2)(A) does not create a private right of action that would allow a party to compel the Attorney General to release petitioner from his prison sentence for immediate

7

deportation); Perez v. Immigration & Naturalization Service, 979 F.2d 299 (3d Cir. 1992) (interpreting the pre-AEDPA § 1252(h), the Third Circuit held that a prisoner cannot compel the INS to deport him prior to the completion of his custodial sentence).

Moreover, Plaintiff fails to demonstrate that the two conditions under 8 U.S.C. § 1231(a)(4)(B) have been met before early removal may be allowed.  First, the Attorney General must determine that the alien is confined for a non-violent offense.  Second, the removal of the alien must be in the best interest of the United States.  The statute provides the Attorney General with the "sole and unfettered discretion" to remove criminal aliens prior to the completion of their sentence of imprisonment only if these two conditions are satisfied.  See United States v. Velasquez, 930 F. Supp. 1267, 1268 (N.D. Ill. 1996)(citing Section 438(a) of the AEDPA-amended 8 U.S.C. § 1252(h)).  Here, it is unlikely that Plaintiff's murder conviction would be deemed "non-violent" by the Attorney General.

Finally, under 8 U.S.C. § 1228, the relief of immediate removal, as sought by Plaintiff, is implicitly excluded:

> Nothing in this section shall be construed as requiring the Attorney General to effect the removal of any alien sentenced to actual incarceration, before release from the penitentiary or correctional institution where such alien is confined.

8 U.S.C. § 1228(a)(3)(B).

In this case, it does not appear that Plaintiff has received any determination from the Attorney General concerning his suitability for immediate removal. The law is clear that Plaintiff has no private right of action, as a convicted alien, to seek his early removal before serving his complete sentence of imprisonment. Therefore, under these circumstances, Plaintiff's confinement until the completion of his sentence of imprisonment does not violate the Constitution, and his claim for immediate removal/transfer will be dismissed for failure to state a claim.[2]

## CONCLUSION

For the reasons set forth above, Plaintiff's complaint is dismissed. An appropriate order follows.

>        s/Renée Marie Bumb
>        RENÉE MARIE BUMB
>        United States District Judge

Dated: September 1, 2010

---

[2] With regard to Plaintiff's request for immediate removal, and/or transfer to his native country, this Court notes that there is a federal treaty, the Convention on the Transfer of Sentenced Persons, codified at 18 U.S.C. § 4102, et seq., that authorizes the United States Attorney General "to transfer offenders under a sentence of imprisonment, on parole, or on probation to the foreign countries of which they are citizens or nationals." See 18 U.S.C. § 4102(3). New Jersey also permits the Governor, through the Department of Corrections, to transfer criminal offenders to the country of their citizenship if there is a treaty in effect between the United States and that country. See N.J.S.A. 30:7D-1, et seq. As the issues concerning Plaintiff's request for immediate removal and/or transfer are not before the Court in this case, this Court makes no findings as to the application of any transfer treaties to the particular facts of Plaintiff's case. However, Plaintiff is free to pursue these claims in the appropriate forum, assuming that said treaties offer Plaintiff the opportunity for the relief he seeks.